

**U.S. Department of Justice**

FILED

AUG 17 2007

United States Attorney   CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

---

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St N.W*
*Washington, D.C  20530*
August 7, 2007

Shanlon Wu, Esquire
Wheat Wu, P.L.L.C.
Suite 600
1050 17th Street, N.W.
Washington, DC 20036

*Let this be filed.*
*Royce C. Lamberth*
*U.S.D.J. 8/17/07*

Re:   Angelia Robinson  Cr. 07-193

Dear Mr. Wu:

This letter sets forth the full and complete plea offer to your client, Ms. Angelia Robinson. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereinafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on August 9, 2007. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1.   **Charges:** Ms. Robinson agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 641 (stealing money of the United States). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Robinson and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Robinson will agree to the attached "Statement of the Offense" which fairly and accurately describes Ms. Robinson's actions and involvement in the offense. It is anticipated that during the Rule 11 plea hearing, Ms. Robinson will adopt and sign the attached Statement of the Offense as a written proffer of evidence.

2.   **Potential penalties, assessments, and restitution:** Ms. Robinson understands that the statutory maximum sentence that can be imposed is ten years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Robinson understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the

United States Sentencing Commission, <u>Guidelines Manual</u> (2005) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Ms. Robinson understands that this sentence, including the applicable sentencing guidelines range will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Ms. Robinson further understands that if the Court imposes a sentence that is in any way unsatisfactory to her, she cannot move to withdraw her guilty plea.

3. **Federal Sentencing Guidelines**: The parties agree that the following Guideline sections apply:

§ 2B1.1

| | |
|---|---|
| (a) Base Offense Level | 6 |
| (b)(1) Loss more than $10,000 | 4 |
| TOTAL | 10 |

The parties retain the right to argue the applicability of any other increases or decreases in offense levels. In the event that this plea offer either is not accepted by Ms. Robinson or is accepted by Ms. Robinson but the guilty plea either is rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. As part of her acceptance of responsibility, Ms. Robinson will agree to additional meetings with members of law enforcement or the Office of Personnel Management during which she will explain fully and completely her activities in order that measures can be taken to prevent thefts such as hers in the future.

5. **Financial Arrangements**: Ms. Robinson agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013; she also agrees to pay restitution in the amount to be determined by the Court. Ms. Robinson agrees that she is jointly and severably liable to make restitution to the United States Treasury in the amount of no less than $10,778.42. The government will take the position that the amount of restitution should be $27,510.03. Ms. Robinson may disagree with the United States about the amount of restitution she owes in excess of $10,778.42.

6. **Government Concessions**: In exchange for her guilty plea, the government further agrees: 1) to agree to a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; 2) not to oppose Ms. Robinson's release pending sentencing; 3) not to oppose Ms. Robinson's voluntary surrender to commence serving any sentence which is imposed; and 4) not to oppose Ms. Robinson's request for the Court to request incarceration at a particular federal facility, provided that Ms. Robinson continues to show her acceptance of responsibility, as set

forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Robinson in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the Statement of Offense. This agreement not to prosecute Ms. Robinson does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Robinson.

7.    **Reservation of Allocution:** The government reserves its full right of allocution, including, among others things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Robinson's criminal activities, subject to the provisions of the following paragraph.

8. If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9.    **Breach of Agreement:** Ms. Robinson agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Robinson should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Robinson's release (for example, should Ms. Robinson commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Robinson's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Robinson will not have the right to move to withdraw the guilty plea except as provided in paragraph 4; (c) Ms. Robinson shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Robinson, directly

and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

10. In the event of a dispute as to whether Ms. Robinson has breached this agreement, and if Ms. Robinson so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

11. **USAO-DC's Criminal Division Bound:** Ms. Robinson understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Robinson.

12. **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Robinson, Ms. Robinson's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Robinson may indicate her assent by signing the agreement in the space indicated below and returning the original to the undersigned Assistant United States Attorneys once it has been signed by Ms. Robinson and her counsel.

Sincerely yours,

Jeffrey A. Taylor
United States Attorney

Thomas E. Zeno
Assistant United States Attorney
Fraud and Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-6957

I have read this plea agreement and have discussed it with my attorney, Shanlon Wu. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of

4

my own free will, intending to be legally bound. No threats have been made to me; nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

      I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 8/7/07

Angelia Robinson
Defendant


      I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 8/7/07

Shanlon Wu
Counsel for Ms. Robinson