UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Docket Number: CR-07-193-02 |
| v. ) | The Honorable Royce C. Lamberth |
| ) | Sentencing Date: 11/2/07 at 2:00 p.m. |
| ANGELIA ROBINSON, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The oldest of four children, Angelia Robinson was not ready at the age of ten to assume responsibility for the care of her siblings but she had no choice. As set forth in the confidential Presentence Investigation Report ("PIR"), Ms. Robinson and her siblings were often left for weeks at a time with no money, no electricity, and no food. This is but one example of adversity that Ms. Robinson has faced her entire life on behalf of herself and her family. Through hard-work and perseverance, however, Ms. Robinson has raised a family of her own (her children are all successful professionals), obtained a career in government and private consulting, and is currently striving to complete her education. Today, she stands before this Court fully aware that she has thrown away the life she worked so hard to obtain. For the reasons that follow, we respectfully request that this Court fashion a sentence for Ms. Robinson that would allow her the chance to pay restitution, care for her family, and earn back the trust that she has lost.

Factual Background

On August 17, 2007, Angelia Robinson pled guilty to one count of Theft of Public Money and Principals. As set forth in the Statement of Facts submitted to the Court at the time of her plea, Ms. Robinson used her position to aid and abet Demia Stanard in diverting $27,510.03 from the United States Treasury between July 1, 2006 and January 31, 2006. Of this

1

amount, Ms. Robinson received $10,778.42. Since her initial appearance on August 17, 2007, Ms. Robinson has fully complied with the conditions of her release.

While at the Office of Personnel Management (OPM) in the summer of 2006, Demia Stanard approached Robinson because Stanard had copied a "dummy voucher" and put the money into her own bank account. She needed Ms. Robinson to pull the voucher out when it arrived at her desk. Ms. Robinson pulled the voucher as requested. This incident caused her to become all too aware of how her employer's system could be manipulated for personal gain. Tragically, she gave in to this temptation.

All was not well in Ms. Robinson's life around this time. She was behind on her bills and rent, suffering domestic difficulties and haunted by memories of having to sleep in a car as child and having lived in an apartment without food and electricity. She feared her children would suffer the same fate. Moreover, unbeknownst to her, she was also suffering from an illness that gravely affected her judgment and ability to control her impulses. (The nature of this illness is set forth in the PIR.) Foolishly and wrongly, Ms. Robinson used the monies diverted from her employer to catch up on rent, pay other bills, and buy groceries for her family.

<u>Angelia Robinson's Personal Characteristics</u>

Ms. Robinson had an unstable childhood. Her parents separated when she was ten-years old, and after her father remarried, he stopped supporting her and her siblings. Abandoned for weeks at a time with no food, no electricity, and no money, Ms. Robinson recalls having to plug a lamp into the electrical socket located outside the apartment so that she and her siblings could have light within their home.

Despite these and other traumas (these other traumas are set forth in the confidential PIR), Ms. Robinson built a career and life to support her four children. Before working at the

Office of Personnel Management, Ms. Robinson worked for the District of Columbia Government, the District of Columbia Public Schools, KPMG, LLP, Walmart, Cignet Health Plan, Inc., and ICF Consulting Group. Ms. Robinson currently works for American Electronics Association. Indeed, Ms. Robinson served these employers with the utmost integrity.

In September 2005, Ms. Robinson joined OPM. She worked as a Financial Assistant in the Debt Management Office. There, she was responsible for entering payments into the computer system that had already gone though the bank. Ms. Robinson resigned her position in February 2007 with an "outstanding" appraisal.

## FACTORS TO BE CONSIDERED IN FASHIONING A JUST SENTENCE

Given the factors relevant to this case, Ms. Robinson respectfully requests that the Court sentence her to a period of probation—not incarceration. The United States has represented that it will not oppose this request.

First, we ask that this Court consider Ms. Robinson's significant health problems in determining the most appropriate penalty. The Guidelines indicate that "an extraordinary physical impairment may be a reason to depart downward, *e.g.*, in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." *U.S.S.G. § 5H1.4*. In this case, as discussed in the PIR, Ms. Robinson has been diagnosed with an illness for which she is currently taking medication and participating in therapy.

Second, we ask the Court to note Ms. Robinson's significant family obligations. Ms. Robinson works extremely hard to support her four children. She has taken affirmative steps to cure her debt problems and is able to pay rent on time every month. A period of incarceration will undoubtedly push her family farther into debt and will deprive her children of their main source of support. If she is incarcerated, it would cause a "substantial, direct, and specific loss of

3

essential caretaking" to Ms. Robinson's family, and the loss of this support "substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant." *See Application Notes 1(B)(i) and (ii) to U.S.S.G. § 5H1.6.*

Third, Ms. Robinson understands that the PIR recommends third-party disclosure of these proceedings to her current employer. However, she asks that this Court consider not following this recommendation. Throughout her life, Ms. Robinson has been a person of utmost integrity. Her conduct in this matter is an aberration, for which she is extremely humiliated and sorry. She respectfully requests that the Court deny third-party disclosure so that she can continue supporting her family, pursue her career, and prove to the Court and society that she is still a trustworthy person.

## Conclusion

Ms. Robinson fully accepts responsibility for her actions. As noted by the United States, she accepted responsibility and cooperated with the government as soon as she was confronted by her wrongdoing. She realizes that, as a result of her crime, she has lost the hard-earned fruits of a lifetime of honesty and perseverance. She will have to live every day of the rest of her life with the knowledge that everything she worked for—her reputation, the respect of her family and friends, and possibly her career—is now gone due to her poor judgment.

Prior to the events of this crime, Ms. Robinson showed herself to be a person who, in the face of adversity, can persevere and create a stable life for her and her family. She respectfully asks this Court to fashion a sentence that would allow her to pay back what she has taken while still allowing her a chance to care for her children and to prove again that she possesses the integrity and work ethic to be a valuable member of society.

Respectfully Submitted,

/s/_____
Shanlon Wu, Esq. (DC Bar 422910)
WHEAT WU, PLLC
1050 17th Street, NW Suite 600
Washington, DC 20036
Phone: (202) 496-4963
Fax: (202) 466-3226
*Counsel for Defendant, Angelia Robinson*

5

## CERTICATE OF SERVICE

I hereby certify that the foregoing Memorandum in Aid of Sentencing was sent via facsimile, this 1st day of November, 2007 to:

Thomas E. Zeno, Esq.
555 Fourth Street, NW
Suite 5423
Washington, DC 20530
Fax: (202) 307-2304

/s/_____
Shanlon Wu, Esq.
*Counsel for Defendant, Angelia Robinson*